**PARK–TOWER DEVELOPMENT GROUP, INC., Cyrus S. Eaton, Jr., Karsten Von Wersbe, and York-Hannover, Inc., Plaintiffs,**

v.

**Hyman J. GOLDFELD, Leonard J. Mercer, Jr., M G Albany Corporation, Largo, Incorporated, and Del E. Webb Corporation, Defendants.**

No. 78 Civ. 5410.

United States District Court, S. D. New York.

June 11, 1980.

---

Rosenman, Colin, Freund, Lewis & Cohen, New York City, for plaintiff; Norman Jay Itzkoff, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Del E. Webb Corp., Jonathan D. Siegfried, New York City, of counsel.

Strassberg & Strassberg, New York City, for all other defendants; Louis Strassberg, New York city, of counsel.

## MEMORANDUM AND ORDER

KNAPP, District Judge.

On November 9, 1978 this action claiming hundreds of millions of dollars from two sets of defendants was instituted. By March 23, 1979 it had become apparent that discovery proceedings were out of hand, but it was not clear which of the parties was primarily responsible for the disarray, so we referred the matter to Magistrate Raby, directing him to take charge of all discovery, to attempt to isolate the blame, and if the difficulty persisted to recommend appropriate sanctions. On March 26, 1980—just about a year later—Magistrate Raby rendered a report naming as the culprits four of the defendants, collectively designated the "Goldfeld/Mercer Group" and their attorneys Strassberg & Strassberg. The Magistrate noted that "never in over eight years of service . . . as a Magistrate" had he been confronted with such a "flagrant and grating example of continued disregard by counsel for a defendant of the right of his opposing counsel to obtain discovery". The result of this conduct, the Magistrate observed, was to cause this lawsuit to become a "Frankenstein monster" generating an astounding "poundage of paperwork".

Despite these unequivocal findings of misconduct on the part of the Goldfeld/Mercer Group defendants, the Magistrate denied plaintiffs' request for an order striking the said defendants' answers and finding liability by default. Noting that it would be manifestly unjust to enter judgment in the "astronomical"—and perhaps "grossly exaggerated"—amounts demanded by plaintiffs, the Magistrate found that striking defendants' answers would leave the plaintiffs with the still substantial task of establishing their precise damages by competent evidence, and that the proceedings would be left without chart or compass while plaintiffs set about accomplishing that task.

The Magistrate accordingly recommended that the Court appoint a Special Master, at the Goldfeld/Mercer Group's sole expense, to supervise all future depositions; and that those defendants should be required, within ten days of the entry of an order, to post a bond in the penal sum of $20,000 to insure the payment of the Master's fees and expenses. He further recommended that, except for such documents as might be provided during the course of oral depositions, no further Rule 33 or 34 proceedings be allowed to either side. In recommending the appointment of a Special Master, the Magistrate noted that while the Master's recommended functions could, as a technical matter, be performed by a magistrate, it would be seriously prejudicial to the proper administration of justice in this District to allocate so much of a magistrate's time to serve the parties in this particular multi-million dollar lawsuit.

Pursuant to our order of April 3, 1980, a hearing was held on April 23rd to determine what sanctions should be imposed. At that hearing we considered not only the imposition of sanctions but the correctness of the Magistrate's findings with respect to defendants' default.

Although the Goldfeld/Mercer Group did make a formal objection to the Magistrate's findings with respect to their default (which we must reject),[1] the main thrust of their opposition is that the requirement that they be solely responsible for the costs of a Special Master is unjust in view of the fact that the Special Master would inevitably be involved in discovery directed against the fifth defendant, Del E. Webb Corporation. Indeed, on oral argument counsel for the Goldfeld/Mercer Group defendants specifically welcomed the appointment of a Special Master provided that his clients could be relieved of the certainty of having to underwrite all of his fees. Also, he requested that he be given 20 rather than 10 days to post the necessary bond.

Counsel for defendant Del E. Webb Corporation likewise welcomed the appointment of a Special Master, saying that without such intervention there was no reasonable possibility of keeping this litigation within reasonable bounds.

Counsel for plaintiffs, on the other hand, strongly opposed the Magistrate's recommendation that a Special Master be appointed, urging that a default judgment as to liability be entered forthwith. He also urged that the Magistrate had erred in failing to award counsel fees.

### Discussion

The hearing before us—which lasted for about an hour and a half and at which all counsel expressed themselves fully—has convinced us that the Magistrate's appraisal of the situation is essentially correct. In the first place, as the Magistrate points out, entry of a default judgment as to liability against the Goldfeld/Mercer Group defendants would in no sense end the litigation between the plaintiffs and them. On the contrary, extensive proceedings with respect to damages would ensue which would give rise to discovery problems similar to—if not identical with—those already encountered. Moreover, such proceedings would inevitably be intertwined with the plaintiffs' continuing litigation with the fifth defendant, Del Webb, which is not affected by the present motion.

Beyond that, although there can be no cavil with the Magistrate's conclusion that the Goldfeld/Mercer Group defendants are in woeful default (they having basically ignored plaintiffs' demands for discovery and judicial orders enforcing them), we are far from certain that the conduct of these defendants may not in some measure be explained as reaction to overkill conduct on the part of the plaintiffs. Indeed, it seems to us that plaintiffs were acting somewhat as though they thought themselves in charge of the American Forces in World War II, and the Goldfeld/Mercer Group defendants were responding as though they were partisan guerrilla fighters. Defendant Del Webb has not yet revealed its intentions but there are suggestions in the record that it plans similar, if more sophisticated, stonewalling tactics.

In sum, we thoroughly concur in the Magistrate's conclusion that this litigation cannot be brought under control without firm and detailed judicial restraint, and that it would be wholly unwarranted for any judge or magistrate to set aside the time that would be required to deal with the exigencies of this particular dispute. However, we feel that the Special Master should have somewhat broader powers than envisaged by the Magistrate and that he should be put in charge of the entire litigation rather than being confined to the phases relating to the Goldfeld/Mercer Group defendants. We also believe that the Special Master's task might be made easier if the Goldfeld/Mercer Group defendants were relieved of their *absolute* obligation to

---

1. The Magistrate's finding of default rested on his findings that the concerned defendants had violated a series of his specific orders (some of which we had affirmed) and had failed to produce certain specifically identified objects. In addition, the Magistrate observed that to "add insult to injury" they had obstructed the taking of depositions. The only finding of the Magistrate which these defendants attack is this "insult to injury" observation. Even if we were to agree with defendants as to this—a matter we see no occasion for determining—the Magistrate's ultimate conclusions would in no way be undermined.

underwrite all of the Master's fees and expenses, and were thus given an incentive to co-operate with him in bringing this litigation to a conclusion. Finally, in light of the broader powers and duties being assigned to him, we believe that the bond (to be posted within 20 days as the Goldfeld/Mercer Group requests) should be in the amount of $40,000.

Accordingly, we have concluded that we should, and we hereby do, order and direct as follows:

*ORDERED*

That Michael F. Armstrong, Esq. be appointed Special Master to supervise discovery and the preparation of this case for trial. His primary objective will be to insure that this case be made ready for trial with the maximum expedition and the minimum expense to the parties; to this end he will have the following powers and responsibilities:

1. He shall have absolute control over all pre-trial procedures:

(a) he may, in his discretion, require that all interrogatories, requests for document production, requests for admissions or any similar papers be submitted to him in advance of being served upon another party; or he may allow free service of such papers without advance screening and provide procedures for conferences before him for the simplification (or elimination) of any demands contained in such papers and for the establishment of procedures where permissible demands may be complied with minimum inconvenience to all concerned; or he may devise any other reasonable means for accomplishing the end in view.

(b) He may impose any sanctions he deems appropriate for the failure of any party promptly and adequately to respond to any direction of the Master or to any lawful request of another party. Such sanctions may, without limiting the generality of the foregoing, include the award of counsel fees or the imposition of fines against any party or attorney. Any such fine or counsel fee would not, of course, be payable by the party or attorney until reviewed by the Court upon receipt of the Master's final report. Should the Master conclude that more immediate punishment would be appropriate, he may at any time render an intermediate report upon which the Court will act forthwith.

(c) With respect to oral depositions he may, in his discretion, require them to be conducted in his presence at his office (or at any other convenient place), or he may permit any or all such depositions to be conducted in his absence under conditions which will enable the parties to appeal to him on the telephone for any rulings necessary for the progress of the deposition or to keep it within reasonable bounds; or, as in the case of the previous paragraph, he may adopt any other reasonable procedures.

2. All the Special Master's rulings shall be final and subject to review by the Court only upon his express consent. However, upon the filing of the Master's final report, the Court will review any ruling to which a party may then object and—should any such objection(s) be found to have merit—will devise means to remedy any prejudice a party may be found to have suffered.

In exercising the foregoing powers, the Master will at all times bear in mind that the objectives of his appointment are expedition and economy. In this connection he should bear in mind that all counsel in this case appear to be both experienced and competent and should be able—once they make up their mind to do so despite the astronomical figures involved—to conduct themselves in an economical and expeditious fashion. We therefore recommend to the Special Master that—if after consultation with counsel he should conclude this to be a feasible idea—he experiment with the theory that the in terrorem effect of his appointment may itself be therapeutic, and that discovery might be able to proceed without too much time consuming active intervention on his part.

We hereby designate William O. Purcell, Esq. as Deputy to the Master and empower the Master in his discretion to delegate any of his duties to such Deputy. The Master may call upon other partners or employees of his firm for any assistance he might find helpful.

We shall request the Master to furnish a statement of his charges on a bi-monthly basis, and to submit with each such statement a recommendation as to how the charge should be allocated among the parties involved. For example, if the Master should conclude that a particular deposition required his or his Deputy's personal attention and should feel that such requirement was due to the obduracy of a particular party, he might well recommend that such party bear the entire resulting cost.

It goes without saying that the Special Master will always be alert to the truism that in litigation ultimate expedition and economy are accomplished by bringing about a settlement of the dispute between the parties.

In sum, Michael F. Armstrong, Esq. is hereby appointed Special Master and William O. Purcell, Esq., Deputy Special Master under the terms and conditions above described; and the Goldfeld/Mercer Group defendants are directed to file on or before July 1, 1980 a bond in the penal sum of $40,000 as above described, in default of which their answers will be struck and judgment establishing liability will be entered against them.

With respect to plaintiff's application for counsel fees, we rule that it should be granted. However, we believe that it would be counter-productive to the primary objective of expediting this lawsuit if the parties' efforts were diverted to proceedings for establishing such fees. We shall therefore withhold fixation of the amount until further order of the Court.

SO ORDERED.